|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:06-CR-00479-MCE |
| --- | --- |
| Plaintiff, | |
| v. | **ORDER** |
| MARK PARKER, | |
| Defendant. | |

Defendant Mark Parker ("Defendant") was convicted after a jury trial of: (1) Conspiracy to Distribute Cocaine and at Least 50 Grams of Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) Distribution of at Least Five Grams of Crack Cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) Possession With Intent to Distribute at Least 50 Grams of Crack Cocaine in violation of 21 U.S.C. 841(a)(1). He was sentenced on May 5, 2011, to 360 months imprisonment. Presently before the Court is Defendant's Motion to Reduce Sentence, by which he seeks a reduction to a sentence of 324 months. ECF No. 221.[1] The Government opposes Defendant's request, arguing that the Court should exercise its discretion to decline to reduce the sentence under the particular circumstances of this case. ECF No. 223. For the following reasons, Defendant's Motion is DENIED.

---

[1] Unlike most Defendants seeking sentence reductions, Defendant is represented by counsel.

1

Defendant seeks to reduce his sentence in light of the United States Sentencing Commission's passage of Amendment 782. Generally, Amendment 782 revised downward by two levels the Drug Quantity Table in U.S.S.G. § 2D1.1. Although Amendment 782 became effective November 1, 2014, it applies retroactively. See U.S.S.G. § 1B1.10(d), (e)(1).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." Dillon v. United States, 560 U.S. 817, 821 (2010). "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." Id. "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. § 1B1.10(b)(1)). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" Id. at 822. "Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence 'to a term that is less than the minimum of the amended guideline range.'"[2] Id. In addition, "a reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The parties agree that Defendant qualifies to seek a reduction because Defendant's guideline range, which was originally 360 months to life, has since been reduced to 324-405 months. Defendant thus seeks to have his sentence reduced to the low end of 324 months.

---

[2] Those limited circumstances, which are not applicable here, arise when "the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B).

2

Eligibility does not end the inquiry, however, and the Government contends the Court should exercise its discretion to decline to modify Defendant's sentence. Id. More specifically, the Government points out that: (1) Defendant led a long-running (more than five years) drug trafficking organization ("DTO") moving massive quantities of crack cocaine; (2) he supplied crack cocaine chopped up and packaged for distribution to lower level dealers; (3) when finally apprehended through a vehicle stop, Defendant fled at a high rate of speed, ran a red light and crashed into another vehicle traversing the intersection; (4) even after that crash, Defendant refused to surrender until officers subdued him with pepper spray; (5) after Defendant was arrested, officers located marijuana, 67.5 grams of crack cocaine, and $1,159 in small bills. Defendant was charged with the three counts indicated above, and, after a six-day jury trial, Defendant was found guilty on all charges.

Against this backdrop, no sentencing reduction is warranted. This Defendant ran an ongoing, long-term DTO through which he inundated the City of Vallejo with large quantities of crack cocaine. In fact, it appears that Defendant's primary occupation was drug trafficking and that he had been engaged in such activities for years. Moreover, it is critically important to the Court's decision, that Defendant demonstrated a flagrant disregard for both law enforcement and innocent bystanders when he recklessly fled to avoid arrest. In sum, the Court, having had the benefit of learning all of the intricacies of Defendant's DTO during his lengthy trial, specifically finds that it would be derelict in its duties if it acquiesced in Defendant's current request for a shorter sentence.[3]

---

[3] Although the Court has previously applied the 3553(a) factors in other cases to permit a reduction opposed by the Government, those cases are not on par with this one. This Defendant had an extensive criminal history, made a career of trafficking drugs, is responsible for multiple kilograms of crack cocaine, and endangered both law enforcement and the community when he fled. In other cases that have come before the Court, the defendants moving for a reduction had no criminal history, had possessed extremely small quantities of drugs, or did not appear to be making a career of their trafficking activities. See, e.g., United States v. Gonzalez-Lizola, Case No. 2:07-cr-00328 (defendant with no criminal history who was convicted based on his involvement as a favor to his cousin in a marijuana grow over the course of only a few days); United States v. Gazell, Case No. 2:11-cr-00180 (defendant with a less egregious criminal history, much smaller quantities of drugs, and no indication he was operating an established DTO). Because the circumstances attendant to these cases are distinguishable from Defendant's, denying his instant Motion will not result in sentencing disparities.

Defendant's Motion to Reduce Sentence (ECF No. 221) is DENIED.

IT IS SO ORDERED.

Dated:  May 9, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE