UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK EDWARD PARKER,<br><br>Defendant. | No. 2:06-cr-00479-MCE<br><br><br><br>**ORDER** |

Defendant Mark Edward Parker ("Defendant") was found guilty of: (1) Conspiracy to Distribute Cocaine and Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) Distribution of Crack Cocaine in violation of 21 U.S.C. § 841(a)(1); and (3) Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced on May 5, 2011, to three hundred and sixty (360) months of imprisonment followed by a one hundred and twenty (120)-month term of supervised release. Presently before the Court is Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 232. The Government opposes Defendant's request. ECF No. 237. For the reasons that follow, Defendant's Motion is DENIED.

Defendant contends that "extraordinary and compelling circumstances" exist such that he should be released prior to his current anticipated release date in August 2032.

1

More specifically, according to Defendant, he is at a heightened risk of serious illness or death from COVID-19 due to his medical conditions: obesity (with a body mass index of 35), Stage 3 chronic kidney disease, bradycardia (a slower than normal heartrate), and hypertension.  Deft. Mot. No. 232 at 6.  Given these medical conditions and the fact that he is African-American, Defendant contends he is "particularly vulnerable" to and at "increased risk of complications" from COVID-19.  Id.  Even having considered Defendant's medical issues, however, the Court concludes that Defendant's release would be inappropriate.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  Dillon v. United States, 560 U.S. 817, 824 (2010) (alterations in original; quoting 18 U.S.C. § 3582(b)).  Those circumstances are delineated in 18 U.S.C. § 3582(c).  "[A]s part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the [Bureau of Prisons ("BOP")] and that request has either been denied or 30 days have passed."  United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)).  That statute now provides:

> **(c) Modification of an imposed term of imprisonment**.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

///

///

> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is ***consistent with applicable policy statements*** issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Thus, the First Step Act amended § 3852(c)(1)(A) to allow prisoners to directly petition a district court for compassionate release, removing the BOP's prior exclusive gatekeeper role for such motions." Riley v. United States, 2020 WL 1819838, at *5 (W.D. Wash. Apr.10 2020) (citing 18 U.S.C. § 3582(c)(1)(A)).

> The statute now provides the court with authority to reduce a sentence upon the motion of a defendant if three conditions are met: (1) the inmate has either exhausted his or her administrative appeal rights of BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established 'extraordinary and compelling reasons' for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy statement.

Id. (footnote omitted).

However, the current version of United States Sentencing Guidelines ("USSG") § 1B1.13 refers to only motions filed by the BOP and does not reference motions filed by the defendant as now allowed under § 3582(c)(1)(A). Aruda, 993 F.3d at 800. Therefore, "'[t]here is as of now no applicable policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are empowered…to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 801 (quoting United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotations and citations omitted). In sum, "[t]he Sentencing Commission's statements in USSG § 1B1.13 [referenced in the third prong] may inform a district court's discretion for the § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. (citation omitted).

Accordingly, not only does this Court choose to exercise its discretion in considering the USSG § 1B1.13 policy statement, but it utilizes that provision as the starting point for its § 3582(c)(1)(A) analysis. The USSG policy statement referenced in the third prong provides:

> [T]the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

Since Defendant is less than 70 years old and was not sentenced pursuant to 18 U.S.C. § 3559(c), he may be "entitled to relief if he demonstrates that (1) extraordinary and compelling reasons warrant a sentence reduction, (2) he is not a danger to the safety of others or the community, and (3) any requested reduction is consistent with the policy statement." Riley, 2020 WL 1819838, at *6.

"The Sentencing Commission's application notes to this policy statement provide further guidance." Id. Indeed, the notes explain that "extraordinary and compelling reasons" exist when:

> (A) Medical Condition of the Defendant.
>
>      . . . .
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment,

4

>   or
>
>   (III) experiencing deteriorating physical or mental health because of the aging process,
>
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n.1.

Here, Defendant contends he suffers from serious physical or medical conditions that make him particularly vulnerable to COVID-19 such that he qualifies for release. The burden is on Defendant. United States v. Holden, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020). He has not met that burden here.

First, the Court absolutely agrees with the Government that "[Defendant] fails to carry his burden to establish compassionate release" that potentially satisfies USSG § 1B1.13. Gov. Oppo. at 14. Despite all his medical conditions, Defendant refused to receive the COVID-19 vaccine. Id. at 15. Furthermore, Defendant is currently housed at a BOP medical facility where records indicate medical staff are monitoring and treating his conditions, as needed. Id. at 17. Currently, Defendant's medical conditions are reported to be "at least stable," which does not rise to the level to warrant compassionate release. Id.

Second, release would be inappropriate after consideration of the § 3553(a) factors and because Defendant is a danger to the community. Defendant ran a sophisticated crack cocaine drug distribution operation for more than five years, almost killed an innocent bystander in his attempt to flee from law enforcement while in possession of crack cocaine (more than 60 grams), and never accepted responsibility for his crimes. Id. at 18-19. Moreover, Defendant has a long criminal history involving drug trafficking and violence against women dating back to at least 1991. Id, at 19-20. Defendant also has a BOP disciplinary history that contradicts any notion that Defendant has been "rehabilitated." Id. at 20. The Court is not convinced Defendant will not pick up where he left off if released. Finally, requiring Defendant to serve his full sentence is

necessary because of the "extremely serious set of circumstances" of Defendant's offense, which includes a long list of aggravating factors.  Id. at 21.

For the reasons set forth above, the Court thus concludes that release would be inappropriate.  Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 232) is DENIED.

IT IS SO ORDERED.

Dated:  September 22, 2021

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE