UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:06-cr-00479-KJM-AC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Mark Edward Parker, | |
| Defendant. | |

Defendant Mark Parker seeks the early termination of his supervised release. *See generally* Mot., ECF No. 262.  As explained in this order, the motion is **granted** under 18 U.S.C. § 3583(e)(1).

I.    **BACKGROUND**

Parker was charged in this action with the possession and distribution of crack cocaine based on events between 1999 and 2004. *See generally* Indictment, ECF No. 9; Superseding Indictment, ECF No. 56.  The government proposed a plea agreement that would have resulted in a 15-year prison sentence, but Parker declined that offer, and the case went to trial. *See* F&Rs at 6–7, ECF No. 215, *adopted in full*, ECF No. 220.  A jury returned a guilty verdict in 2009, and Parker was sentenced to a 30-year term of imprisonment. *See* Judgment & Commitment, ECF No. 171; Sent. Hr'g Mins., ECF No. 167; Verdict, ECF No. 130.  The Ninth Circuit affirmed his conviction and sentence on direct appeal. *See* Mem., ECF No. 195; Mandate, ECF No. 196.

1

Parker later argued in a post-conviction motion that his attorney had offered ineffective assistance during the plea negotiations, but the court denied his motion, among other reasons because the record did not support his claims of prejudice. *See* F&Rs at 13–14. The court also denied Parker's motion to reduce his sentence based on the passage of Amendment 782, which made retroactive changes to the relevant sentencing ranges. *See generally* Order (May 10, 2017), ECF No. 225. The court cited the "large quantities of crack cocaine" involved in Parker's offenses and his attempt to flee when officers attempted to arrest him. *See id.* at 3. The Ninth Circuit affirmed this order as well. *See generally* Mem. 228; Mandate, ECF No. 229.

In 2021, during the COVID-19 pandemic, Parker moved to reduce his sentence under 18 U.S.C. § 3582(c), arguing his high body-mass index, chronic kidney disease, hypertension and bradycardia increased the risk of serious complications from COVID-19. *See* Order (Sept. 23, 2021) at 1–2, ECF No. 244. The court denied his motion because he had refused to receive a COVID-19 vaccine, because prison records showed the prison's medical staff was monitoring his condition adequately, and because the circumstances of his offense suggested he would be a danger to the community if released. *Id.* at 5–6.

Several months later, the case was reassigned to the undersigned due to the senior status of the previously assigned judge. *See* Order (May 18, 2022), ECF No. 245. Parker then filed a second motion to reduce his sentence under § 3582, again citing section 404 of the First Step Act and changes to the relevant sentencing ranges and guidelines. *See* Order (Oct. 13, 2022) at 4, ECF No. 259. This court granted his motion based on its "standing disagreement" with the Guidelines sentencing ranges for crack and powder cocaine; under this court's policy, Parker's sentencing range would have been fourteen years or less. *See id.* at 7. The court also considered the relevant sentencing factors of § 3553(a), which on balance showed a sentencing reduction was appropriate. *See id.* at 7–9. Parker had not been subjected to prison discipline for many years, he had served a lengthy term of sixteen years, he had earned a GED, he had made "regular payments toward his fine," and he had received positive evaluations for his work within the prison, among other factors. *See id.* The court therefore reduced his sentence to "time served, followed by a term of supervised release of eight years." *Id.* at 9.

In the years since October 2022, Parker has maintained employment. His supervisor describes him as punctual, professional, reliable, respectful, and "truly a model employee" who can be trusted to train new hires and give them "the best guidance possible." Letter from David Dixon (Feb. 18, 2025), ECF No. 262-1. Parker would, however, like to begin working as either an interstate car transporter or long-haul truck driver, but cannot, as the terms of his supervised release do not permit interstate travel without permission from the court or probation officer. *See* Mot. at 5, ECF No. 262; *see also* Judgment & Commitment at 4 (release conditions); Am. Judgment & Commitment, ECF No. 261 (maintaining conditions); *see also* Attachments 3–4, ECF No. 262-2 and 262-3 (offers of employment); Letter from Mark Parker (Apr. 4, 2025), ECF No. 262-4 (explaining request for early termination). Parker admits he once used marijuana in violation of the terms of his supervised release. Mot. at 5 n.3. The Probation Office confirmed in response to the court's inquiry that Parker has tested negative for marijuana since this incident.

The government opposes Parker's motion based on the nature and circumstances of his offense, the need to deter criminal conduct and the need to protect the public. *See* Opp'n at 5–7. It points to his admission of marijuana use and characterizes the court's grant of his request to reduce his sentence from thirty to approximately sixteen years as an "unearned windfall."[1] *See id.* at 7. Parker has filed his reply, ECF No. 266, and the court now takes the matter under submission without holding a hearing.

**II.    LEGAL STANDARD**

A district court may reduce a term of supervised release after the completion of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The court must consider the following sentencing factors: the nature and circumstances of the offense and the history and characteristics of the defendant; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant

---

[1] The government did not seek reconsideration or appeal the court's prior decision, and although the court declines to say more, counsel's post hoc jab could be interpreted as inappropriately conveying disrespect for the court's decision.

1  with needed educational or vocational training, medical care, or other correctional treatment in
2  the most effective manner; the kinds of sentence and sentencing range established; any pertinent
3  policy statement by the Sentencing Commission; the need to avoid unwarranted sentence
4  disparities; and the need to provide restitution to any victims of the offense. *See id.* (citing
5  18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)).

6        As the government notes in its opposition, early termination is not solely reserved for
7  "new or changed circumstances." *United States v. Ponce*, 22 F.4th 1045, 1047 (2022). Nor must
8  a defendant "demonstrate undue hardship." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir.
9  2014). Rather, the district court "enjoys discretion to consider a wide range of circumstances
10 when determining whether to grant early termination." *Id.* It remains the defendant's burden to
11 show early termination is warranted. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir.
12 2006). It is not necessary to "tick off each of the relevant § 3553(a) factors." *Emmett*, 749 F.3d
13 at 822 (alterations omitted) (quoting *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en
14 banc)). The court must ensure the record "as a whole" contains "an explanation that would
15 permit meaningful appellate review and justify the court's conclusion in light of the parties'
16 nonfrivolous arguments and the legal standard." *Id.*

17 **III.   DISCUSSION**

18       Here, the court finds early termination of Parker's supervised release serves the interest of
19 justice and is warranted by his post-release conduct under 18 U.S.C. § 3583(e)(1). As
20 summarized above, he has offered uncontradicted evidence to prove his commitment to personal
21 and professional growth since his release. He has reconnected with his family and maintained
22 stable employment. Mot. at 4–5. His employer praises his work.
23       The terms of Parker's supervised release will likely impede his search for work in
24 interstate trucking and similar lines of work, as he must obtain permission from the court or
25 probation office before leaving the district. These restrictions, coupled with Parker's positive
26 steps toward reintegration, indicate that "[s]upervision, at this point, is only a hindrance to him
27 and a waste of taxpayers' resources." *United States v. Nicholson,* No. 19-00551, 2022 WL

2800077, at *1 (N.D. Cal. July 14, 2022) (granting termination of supervised release where supervision prevented the defendant from pursuing various employment opportunities).

To be sure, Parker has an extensive criminal history, and his offenses were serious. The government's objections on the basis of these factors are nontrivial. *See* Opp'n at 6–7. The court is not persuaded, however, that Parker "remains a danger to the public" and is "a high-risk offender." *Id.* at 7. In response to the court's inquiry, the Probation Office reported that it has assessed a low or medium level of risk in Parker's case, and that level has been reduced since 2022. With the exception of his marijuana use in 2023, which Parker admitted, no evidence shows Parker has used controlled substances or engaged in any conduct similar to the conduct that formed the basis of his offense. Mot. at 5 n.3. His one-time marijuana infraction does not weigh heavily against him. *See United States v. Moore*, No. 13-00080, 2022 WL 354665, at *2 (N.D. Cal. Feb. 3, 2022) (granting termination of supervised release where the defendant once tested positive for marijuana in violation of the terms of release). Nor does the record show continued supervised release will afford Parker any required continued educational or vocational training, medical care, or other relevant correctional treatment. *See* 18 U.S.C. § 3553(a)(2)(D).

The Probation Office also reports that Parker has not always made consistent payments toward his considerable restitution obligations of approximately $19,000 during the term of his supervised release. This weighs against his request for early release, as it shows a continued term of supervision may help to "provide restitution to any victims of the offense" under § 3553(a)(7), but not so heavily as to tip the scale against him on the whole, given that his obligation to pay restitution will remain in place.

The remaining factors listed in §§ 3583(e) and 3553(a) do not weigh heavily for or against early termination.

## IV. CONCLUSION

For the reasons above, the motion (ECF No. 262) is **granted**.

IT IS SO ORDERED.

DATED: August 14, 2025.

SENIOR UNITED STATES DISTRICT JUDGE

5